UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN RODRIGUEZ,

                Plaintiff,

v.

STATE OF NEVADA (N.D.O.C) et al.,

                Defendants.

3:17-cv-00521-RCJ-VPC

**ORDER**

Plaintiff Kevin Rodriguez, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for a preliminary injunction. The Court now screens the Complaint.

## I.    LEGAL STANDARDS

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief from an immune defendant. *Id.* § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader

is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss

2

is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. ANALYSIS

Plaintiff sues NDOC, NDOC Medical Director Dr. Aranas, and Drs. Koehn, Martin, and Jackson for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff, "a pre-operative trans woman" who has been diagnosed with gender dysphoria, alleges Dr. Aranas created and approved A.R. Medical Directive 121-01 ("the Directive") to "[deter] transgendered women from receiving and/or requesting hormonal therapy in [pursuit] of sexual reassignment surgery." Plaintiff alleges Drs. Koehn, Martin, and Jackson are also liable for the denial of this treatment, but Plaintiff does not allege having requested the treatment from each of these Defendants, that the Defendants agreed Plaintiff suffered from gender dysphoria and that hormonal therapy was appropriate, and that they nevertheless denied it. Plaintiff several times refers to a "wrongful event" on June 9, 2016 but does not further describe the event. Elsewhere in the Complaint, Plaintiff alleges denial of treatment from June 18, 2015 until June 9, 2016, but Plaintiff does not allege the circumstances of any request for or denial of hormonal therapy.

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Assuming the medical need is "serious," a plaintiff must show that the defendant acted with deliberate indifference to that need. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It entails something more than medical malpractice or even gross negligence. *Id.* Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In other words, where there has been some arguably appropriate treatment, deliberate indifference cannot be established merely by showing disagreement with the physician but only by showing that the defendant chose a course of treatment knowing that it was inappropriate. Put differently, a court cannot substitute its judgment for that of a medical professional, but it can examine a medical professional's good faith in selecting a course of treatment.

The State of California has, for the purposes of litigation in particular cases, conceded that gender dysphoria gives rise to a serious medical need for sexual reassignment surgery ("SRS") under the meaning of Eighth Amendment case law. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 n.2 (9th Cir. 2015) (per curiam). The Courts of Appeals appear to agree that neither hormonal therapy nor any other particular treatment is required to treat gender dysphoria but that a per se administrative rule against a particular treatment such as hormonal therapy would constitute deliberate indifference where it was arguable that such treatment might be appropriate. *See, e.g.*, *Mitchell v. Kallas*, 895 F.3d 492, 501 (7th Cir. 2018); *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995). In *Rosati*, the Court of Appeals ruled (given the State of California's concession that

4

SRS was a serious medical need, but explicitly without deciding the issue) that allegations a prisoner suffering from gender dysphoria was subjected to a blanket policy against SRS were sufficient to state a claim. 791 F.3d at 1040.

Here, Plaintiff does not complain of any refusal to provide SRS, but rather a refusal to provide "hormonal therapy in [pursuit] of [SRS]." Presumably, the Court of Appeals would find that allegations of a blanket administrative denial of hormonal therapy to treat gender dysphoria are sufficient to state a deliberate indifference claim. It is controversial whether hormonal therapy is appropriate, safe, or effective in all cases—the plaintiff in *Rosati* had in fact received hormonal therapy but had still, as Plaintiff has, attempted to self-castrate. The Court cannot say that hormonal therapy is constitutionally required to treat gender dysphoria. Gender dysphoria is a psychological disorder, not a disorder of the endocrine system. Plaintiff's claim in fact depends on the premise that the incongruity between Plaintiff's biological and psychological sex is an objectively serious psychiatric disorder (as identified by the American Psychiatric Association in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5)). If it were anything less, an Eighth Amendment claim would necessarily fail. *See, e.g.*, *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) ("The defendants did not and do not deny that transsexualism is not a frivolous 'life style' choice but a genuine psychiatric disorder for which a prisoner is entitled to receive medical or psychiatric treatment.").

In summary, Plaintiff's gender dysphoria is an objectively serious medical condition, and Plaintiff is entitled to a subjectively good-faith, individualized assessment of appropriate treatment. As the Complaint reads, however, Plaintiff has not yet pled a plausible Eighth Amendment violation. Plaintiff may amend to allege that one or more Defendants with the ability to order hormonal therapy actually believed that it was an appropriate treatment but refused to provide it based on the Directive or other non-medical reasons. There are not yet any allegations describing the circumstances under which Plaintiff requested hormonal therapy and was denied the treatment apart from allegations that the denial somehow stems from the Directive. There are not even allegations that the Directive constitutes a blanket administrative policy of denial of hormonal therapy regardless of medical need, as opposed to a medical guideline for its use, and

5

this Court has seen at least one other prisoner complaint where the plaintiff affirmatively alleged that NDOC has a policy of providing hormonal therapy to inmates with gender dysphoria.[1] Plaintiff has not attached the Directive to the Complaint and need not do so upon amendment but must at least allege the relevant contents of the Directive if relying upon it for the basis of the claim.

## III. AMENDMENT

An amended complaint supersedes (replaces) the original Complaint, so an amended complaint must be complete in itself. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." Plaintiff must file the amended complaint within twenty-eight (28) days from the date of this Order, or the Court may dismiss with prejudice without further notice.

The Court dismisses the claim as against NDOC and the State of Nevada with prejudice, however, as amendment would be futile. Plaintiff cannot sue the State of Nevada or its agencies in federal court absent a waiver. U.S. Const., amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890); *NRDC v. Cal. Dep't of Trans.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993)). The State of Nevada withheld its consent to suit in federal court when it made a limited waiver of immunity to suit in its own courts. Nev. Rev. Stat. § 41.031. Section 5 (the enforcement provision) of the Fourteenth Amendment gave Congress some power to abrogate the states' Eleventh Amendment protection, and Congress immediately did so via the Enforcement Act of 1871 (the genesis of § 1983), but the State of Nevada and its agencies are not "person[s]" who can be sued under the meaning of

---

1 That plaintiff argued it was an equal protection violation for NDOC to provide hormonal therapy to treat gender dysphoria but not to treat symptoms of HIV.

6

that statute. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

## IV. ADDITIONAL MOTIONS

Plaintiff has filed motions for a preliminary injunction and appointment of counsel. Plaintiff alleges no facts beyond those alleged in the Complaint and has not shown a reasonable likelihood of success on the merits. As to counsel, a litigant does not have a constitutional right to appointed counsel in § 1983 claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But a court should appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citation omitted). The Court finds Plaintiff has the ability to articulate the claim sufficiently. The Court has dismissed with leave to amend and has given Plaintiff guidance as to amendment. The Court will not appoint counsel at this time but may reconsider if Plaintiff successfully amends and the issues appear substantial, novel, and sufficiently complex.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, with leave to amend within twenty-eight (28) days of this Order.

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel (ECF No. 1-2) and the Motion for a Preliminary Injunction (ECF No. 1-4) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-1). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the amended complaint in a separate screening order, which may take several months. If Plaintiff does not timely file an amended complaint, the Court may dismiss with prejudice without further notice.

IT IS SO ORDERED.

Dated this 28 day of August, 2018.

_____
ROBERT C. JONES
United States District Judge